UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH K.,

                                                                                                                                DECISION AND ORDER

                              Plaintiff,

                                                                                                                         20-CV-1465L

                              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                          Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On February 16, 2017, plaintiff, then forty-eight years old, filed applications for a period of disability and disability insurance benefits, and supplemental security income, alleging an inability to work since October 10, 2016. (Administrative Transcript, Dkt. #14 at 253). Those applications were initially denied. The plaintiff requested a hearing, which was held on March 22, 2019, before administrative law judge ("ALJ") Paul Georger. The ALJ issued an unfavorable decision on June 4, 2019, finding plaintiff not disabled. (Dkt. #14 at 253-65). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 12, 2020. (Dkt. #14 at 1-4).

       The plaintiff has moved for remand of the matter for the calculation and payment of benefits, or in the alternative for further administrative proceedings (Dkt. #18), and the

Commissioner has cross moved (Dkt. #21) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, including treatment and surgical records for osteoarthritis and degenerative joint disease of the bilateral hips, status-post right hip replacement, osteoarthritis and degenerative joint disease of the bilateral knees, and hypertension, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #14 at 257).

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she can never climb ramps, stairs, ladders, ropes, or scaffolds, balance, kneel, crouch, or crawl, and can no more than occasionally stoop. (Dkt. #14 at 258). When provided with this RFC as a hypothetical at the hearing, vocational expert Kenneth Jones testified that such an individual could perform plaintiff's past relevant work as a coil inspector. (Dkt. #14 at 264). The ALJ accordingly found plaintiff not disabled.

I.      **The ALJ's Findings Concerning Substantial Gainful Activity**

Initially, plaintiff argues that the ALJ committed mathematical errors, incorrectly finding at Step One that plaintiff had performed substantial gainful activity ("SGA") during the fourth quarter of 2016, and the second and fourth quarters of 2018.

It does appear that the ALJ's finding of substantial gainful activity was erroneous, at least for the second quarter of 2018, when plaintiff earned an average of $907.67 per month, less than the $1,170.00 threshold for SGA in that calendar year. (Dkt. #14 at 256). Nonetheless, any error in the ALJ's SGA findings is harmless. As the ALJ explained, "viewing the evidence in [the] light most favorable to the claimant, and as the undersigned lacks sufficient clarification regarding start and end dates for her employment during the relevant period under adjudication, the undersigned finds that . . . there has been a continuous 12-month period during which the claimant had not engaged in substantial gainful activity, warranting continuation of the sequential evaluation." (Dkt. #14 at 257).

Because the ALJ did not use his SGA findings to limit the period under adjudication, and proceeded to consider plaintiff's claim of disability through subsequent steps of the analysis, any errors at Step One are harmless, and do not require remand. (Dkt. #14 at 264: plaintiff has "not been under a disability . . . from October 10, 2016 through the date of this decision"). *See Disbro v. Commissioner*, 2018 U.S. Dist. LEXIS 94736 at *19 (N.D.N.Y. 2018)(where "[t]he ALJ's analysis continued as if he had found that plaintiff had not engaged in SGA during the period in question . . . any error that the ALJ may have made regarding plaintiff's performance of SGA at Step 1 is harmless"); *Montgomery v. Berryhill*, 2017 U.S. Dist. LEXIS 75631 at *13 (D. Vt. 2017)(where the ALJ made an erroneous SGA finding at Step One but proceeded to continue with the analysis and found the claimant not disabled at Step Four, "remand is appropriate only if the

3

ALJ's further analysis is either erroneous as a matter of law or not supported by substantial evidence, or if the ALJ relied heavily on his step-one SGA finding in assessing [the claimant's] credibility or determining her RFC").[1]

## II. The ALJ's Assessment of Plaintiff's RFC

Plaintiff also argues that the ALJ mischaracterized the evidence of record in determining her RFC. Specifically, the ALJ insinuated that plaintiff was "noncompliant" with physical therapy appointments (when in fact, she only missed one appointment, and only discontinued physical therapy after it proved ineffective), that she did not take any pain medications (when none had been prescribed for her), that plaintiff had not immediately proceeded with a recommended surgical hip replacement (without acknowledging plaintiff's hearing testimony that she'd had to put the surgery on hold due to being uninsured), and that plaintiff had consistently engaged in work activity throughout the relevant period (although these attempts were part-time).

As a threshold matter, it was appropriate for the ALJ to consider the conservative nature of plaintiff's treatment (e.g., the fact that she claimed to be in constant, severe pain, but did not seek or take any medications to manage it), and her engagement in part-time work, in determining her RFC. *See Michael H. v. Commissioner*, 2022 U.S. Dist. LEXIS 45002 at *23 (W.D.N.Y. 2022)( a claimant's daily activities and part-time work are proper considerations for an ALJ in making a RFC determination); *Hill v. Berryhill*, 2019 U.S. Dist. LEXIS 4089 at *17 (W.D.N.Y. 2019)(same).

Assuming *arguendo* that the ALJ's discussion of these matters was incomplete in some respects, I do not find that the attendant omissions amounted to consequential errors necessitating

---

[1] To the extent that plaintiff argues that the ALJ erroneously relied on his incorrect SGA calculations in considering her credibility, there is no evidence that the ALJ's references to plaintiff's continued work activity were premised on any such misapprehension: to the contrary, the ALJ explicitly described plaintiff's part-time work during the relevant period as "work activity [that was] *not* disqualifying substantial gainful activity." (Dkt. #14 at 260)(emphasis added).

remand, or that they deprived the ALJ's decision of substantial evidentiary support. *See generally Alexander v. Astrue*, 412 F. App'x 719, 723 (5th Cir. 2011)(a "minor omission" by the ALJ does not warrant reversal where it does not "cast into doubt the existence of substantial evidence to support the ALJ's decision"); *Cynthia M. v. Commissioner*, 2021 U.S. Dist. LEXIS 135274 at *14 (W.D.N.Y. 2021)("[a]lthough the ALJ erred in citing evidence in the record which did not . . . support the ALJ's conclusion, any error would be harmless because substantial evidence nonetheless supported the ALJ's determination").

While plaintiff does not explicitly set forth any additional challenges to the ALJ's decision, the Court observes that his findings were well-supported by substantial evidence of record. That evidence included treatment notes showing that plaintiff was neurovascularly intact and had normal strength despite sporadic findings of antalgic gait and limited range of motion, evidence that plaintiff had engaged in a number of part-time jobs for twelve different employers between 2016 and 2018, and the medical opinions of treating, examining and reviewing sources.

These included opinions by: (1) treating orthopedic surgeon Dr. David Pura, who stated in a December 31, 2018 treatment note that plaintiff complained of knee pain that was aggravated by standing or walking, and exhibited antalgic gait and limited range of motion in her knees, but otherwise had normal strength and could "continue to work as her symptoms tolerate" (Dkt. #14 at 662-64), and whose opinion was given "significant" weight; (2) consulting examiner Dr. Michael Rosenberg (Dkt. #14 at 605-608), whose May 23, 2017 RFC opinion describing "moderate restriction for activity that involves prolonged uninterrupted walking, standing, squatting, and kneeling [and] twisting and turning" was given "significant" weight; and (2) state agency consultant Dr. A. Vinluan (Dkt. #14 at 331-32), whose June 1, 2017 RFC opinion suggesting sedentary activity with no more than "occasional" engagement in postural activities

was given "great" weight.[2] The ALJ's RFC finding was generally supported by, and consistent with, these opinions.

Furthermore, plaintiff's self-reported activities of daily living, which ranged from watching television and performing simple household chores to riding dirt bikes and driving, tend to suggest a RFC sufficient to permit a limited range of sedentary work, consistent with the ALJ's findings. (Dkt. #14 at 259).

The ALJ's findings with respect to plaintiff's RFC were clearly and sufficiently explained, and his determination is well-supported by substantial evidence of record, including the opinions of treating, examining, and reviewing physicians. It is undisputed that the coil inspector position identified by the vocational expert is consistent with that RFC. The ALJ's finding that plaintiff is not disabled is accordingly affirmed.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The Commissioner's finding that plaintiff was not disabled is affirmed.

---

[2] The ALJ also discussed opinions by "other medical sources," including three nurse practitioners and a physical therapist, each of whose reports were given "some" or "little" weight, on the grounds that they did not describe plaintiff's limitations in functionally relevant terms, rendered conclusory opinions on the ultimate issue of disability, were temporary opinions rendered during plaintiff's surgical recovery period, and/or were contradicted by grossly normal examination findings, plaintiff's daily activities, and/or her continued engagement in part-time work. (Dkt. #14 at 262-63). I find no error in the ALJ's analysis and weighing of these opinions.

The plaintiff's motion for judgment on the pleadings (Dkt. #18) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #21) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 7, 2022.